**CHASITY SCOTT,**

                Plaintiff,

vs.      Case No. 3:17-CV-05256-BCW

**RICHARD WITTHUHN, ET Al.**

                Defendants.

# FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a)(1)(B), Plaintiff, through counsel, brings her First Amended Complaint against Defendants:

1. This action is brought for equitable relief and damages under 42 U.S.C. §§ 1983 (the Ku Klux Klan Act of 1871), 1985 and 1986 ("the Civil Rights Act") in regard to violations by defendants of rights secured to Plaintiff by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Attorney fees, costs and expert witness costs are sought pursuant to 42 U.S.C. § 1988.

2. Plaintiffs' claims are brought pursuant to this court's original jurisdiction over all cases and matter, such jurisdiction granted by Mo. Rev. Stat. § 478.070.

3. Venue is proper under Mo. Rev. Stat. § 508.010 in that the actions and occurrences described herein occurred in Lawrence County, Missouri.

4. At all times relevant to this petition, Plaintiff was a resident of Lawrence County, Missouri.

5. Defendant, Richard Witthuhn is, and at all relevant time was, the Chief of the Aurora/Marionville Police Department.

6. Defendant, Richard Witthuhn, can be served with process at 106 S. Elliott Aurora, MO 65605.

7. Defendant Witthuhn is sued in his individual and official capacities.

8. Defendant Witthuhn, as police chief is, and at all times pertinent to this petition, had authority for and was directly responsible for, among other duties:

    a. The operation of the Aurora Police Department, and for the control, housing and treatment of all persons in its custody;

    b. The safety and well-being of individuals in the custody of the Aurora Police Department;

    c. Training Aurora Police Department employees to ensure the safety, well-being, and dignity of individuals in the custody of the Aurora Police Department; and

    d. The establishment, dissemination and enforcement of policies and procedures related to the safety and well being of the individuals in the custody of the Aurora Police Department.

9. Defendant, John Doe, is a police officer with the Aurora Police Department.

10. John Doe's true identity is unknown to Plaintiff.

11. Plaintiff brings her claims against Defendant, John Doe, in his individual capacity.

12. Defendant, John Doe arrested Plaintiff delivered her to the Aurora Police Department/Jail.

13. Plaintiff is female.

14. Defendant, John Doe, forced Plaintiff to remove her clothing in a small room at the Aurora Police Department with the door open.

15. Defendant, John Doe, is male.

16. Defendants did not provide a female officer to supervise Plaintiff while she removed her clothing.

17. Defendants failed and refused to take steps to ensure that male individuals could not see Plaintiff when they forced her to remove her clothing.

18. Male individuals at the Aurora Police Department, including, but not limited to, a computer repair man, saw Plaintiff while she was forced to remove her clothing.

19. Defendant, John Doe, forced Plaintiff to remove all clothing except for her underwear.

20. On information and belief, it is the official policy of Defendant Witthuhn and the Aurora Police Department to:

    a. Force females taken into custody to remove their clothing in the presence of male individuals including, but not limited to male police officers;

    b. Force female detainees to remove their clothing in an area of the police department or city jail that is inadequate to prevent the female detainee from being seen by others in the facility while they are removing their clothes; and

    c. Allow male officers to supervise and watch female detainees while they remove their clothing at the police department and city jail.

21. On information and belief, Defendant Witthuhn created, implemented, or enforced the policies identified above.

22. Alternatively, Defendant Witthuhn failed to institute adequate policies and procedures to ensure that Plaintiff was not forced to remove her clothing in the presence of male offices and other male individuals, to ensure that Plaintiff was not force to remove her clothing in an area of the police department where she could be seen by others, and to ensure that male police offers were not permitted to supervise and watch female detainees remove their clothing.

23. Alternatively, Defendant Witthuhn's policies and procedures were inadequate to protect Plaintiff from being forced to remove her clothing in the presence of male offices and other male individuals and from being forced to remove her clothing in an area of the police department where others could see her.

24. Alternatively, Defendant Witthuhn failed to adequately train and supervise Defendant, John Doe, in such a fashion to prevent Plaintiff from suffering the constitutional deprivation described above.

25. On information and belief, Defendant Witthuhn failed to provide Defendant John Doe and other officers in the Aurora Police Department with training regarding the standards, guidelines, and procedures for supervising female detainees while they changed their clothing.

26. Supervising female detainees at the Aurora Police Department and City Jail while they changed was a recurring situation that presented the obvious potential for the violation of constitutional rights.

27. On information and belief, Defendant Witthuhn failed to adequately supervise Defendant John Doe and other officers in the Aurora Police Department to ensure that they properly followed any applicable standards, guidelines, and procedures for supervising female detainees while they changed their clothing.

28. Alternatively and on information and belief, male officers supervising and watching female detainees while they changed was so persistent and pervasive within the Aurora Police Department as to constitute governmental custom with the force of law and official policy.

29. At all times material to this complaint, Defendant Witthuhn had knowledge (both actual and constructive) of the department's custom of forcing female detainees to change clothes in non-private areas of the city jail and in front of male officer, and permitted this custom to continue.

## COUNT I—42 U.S.C. § 1983—DEFENDANT WITTHUHN

30. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

31. The conduct described above violated Plaintiff's rights secured to her by the United States Constitution.

32. All of the actions described above were committed under color of law.

33. Defendant's actions described above violated Plaintiff's clearly established constitutional rights.

34. Specifically, Defendant Witthuhn violated Plaintiff's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

35. By engaging in the conduct described above, Defendant Witthuhn was deliberately indifferent.

36. As a result of the actions and omissions of Defendant Witthuhn, Plaintiff suffered damages and injuries including assault, battery, abuse, cruel and unusual punishment, pain and suffering, mental and emotional pain and anguish, and other violations by Defendant of rights secured to Plaintiff by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Missouri Constitution.

37. Defendant Witthuhn failed to promulgate adequate policies, practices, and procedures so as to prevent the deprivation of civil rights complained of herein.

38. Throughout the relevant time period, Defendant Witthuhn had the responsibility and obligation to train, supervise, and control the acts of the Aurora Police Department officers, staff, and employees—including Defendant, John Doe; however, he failed to do so.

39. The cruel and unusual punishment and other constitutional violations inflicted upon Plaintiff were and are persistent and widespread practices of Defendant Witthuhn, the Aurora Police Department, and their employees, and such practices are and were so common and well settled as to constitute a custom representing official policy on the part of Defendant.

40. A reasonable person should have known they were violating Plaintiff's clearly established rights by forcing Plaintiff to remove her clothing in front of Aurora Police Department employees and other male individuals at the Aurora Police Department.

41. The actions and omissions of Defendant constitute a violation of the Civil Rights Act, 42 U.S.C. § 1983 et seq., and Plaintiff is therefore entitled to equitable relief, damages, and the recovery of litigation costs, including reasonable attorney fees and expert witness fees pursuant to § 1988.

42. As a direct and proximate result of the custom, practice, actions and omissions of Defendant, Plaintiff was deprived of her civil rights and liberties in violation of the Constitution of the United States, the Constitution of the State of Missouri, and 42 U.S.C. § 1983 et seq., in that Plaintiff was:

    a. Deprived of her right to be secure in his person, papers and effects;
    b. Deprived of her right to personal safety and freedom from excessive force and cruel and unusual punishment;

c. Deprived of his right to substantive and procedural due process at law;

   d. Effectively punished by Defendants in excess of any punishment properly ordered by a court of law; and

   e. Deprived of her right to privileges and immunities of the law.

43. Defendant's actions as described above were evil, willful, malicious and in conscious disregard to Plaintiff's rights justifying an award of punitive damages.

44. An award of punitive damages would serve to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future.

45. Plaintiff specifically prays for punitive damages.

**WHEREFORE**, Plaintiff prays this Court enter judgment in her favor against Defendants, jointly and severally, for her costs and expenses incurred herein, and for such other relief as the Court deems just and proper.

## COUNT II—42 U.S.C. § 1983—DEFENDANT, JOHN DOE

46. Plaintiff incorporates all preceding allegations by reference as if set out in full in this count.

47. Defendant, John Doe's, conduct described above violated Plaintiff's rights secured to her by the United States Constitution.

48. All of Defendant, John Doe's, actions described above were committed under color of law.

49. Defendant, John Doe's, actions described above violated Plaintiff's clearly established constitutional rights.

50. Specifically, Defendant John Doe violated Plaintiff's First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

51. By engaging in the conduct described above, Defendant John Doe was deliberately indifferent.

52. As a result of the actions and omissions of Defendant John Doe, Plaintiff suffered damages and injuries including assault, battery, abuse, cruel and unusual punishment, , pain and suffering, mental and emotional pain and anguish, and other violations by Defendant of rights secured to Plaintiff by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Missouri Constitution.

53. The cruel and unusual punishment and other constitutional violations inflicted upon Plaintiff were and are persistent and widespread practices of Defendant John Doe, the Aurora Police Department, and their employees, and such practices are and were so common and well settled as to constitute a custom representing official policy on the part of Defendant.

54. A reasonable person should have known they were violating Plaintiff's clearly established rights by forcing Plaintiff to remove her clothing in front of Aurora Police Department employees and other male individuals at the Aurora Police Department.

55. The actions and omissions of Defendant John Doe constitute a violation of the Civil Rights Act, 42 U.S.C. § 1983 et seq., and Plaintiff is therefore entitled to equitable relief, damages, and the recovery of litigation costs, including reasonable attorney fees and expert witness fees pursuant to § 1988.

56. As a direct and proximate result of the custom, practice, actions and omissions of Defendant John Doe, Plaintiff was deprived of her civil rights and liberties in violation of the Constitution of the United States, the Constitution of the State of Missouri, and 42 U.S.C. § 1983 et seq., in that Plaintiff was:

a. Deprived of her right to be secure in his person, papers and effects;

   b. Deprived of her right to personal safety and freedom from excessive force and cruel and unusual punishment;

   c. Deprived of his right to substantive and procedural due process at law;

   d. Effectively punished by Defendants in excess of any punishment properly ordered by a court of law; and

   e. Deprived of her right to privileges and immunities of the law.

57. Defendant's actions as described above were evil, willful, malicious and in conscious disregard to Plaintiff's rights justifying an award of punitive damages.

58. An award of punitive damages would serve to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future.

59. Plaintiff specifically prays for punitive damages.

**WHEREFORE**, Plaintiff prays this Court enter judgment in her favor against Defendants, jointly and severally, for her costs and expenses incurred herein, and for such other relief as the Court deems just and proper.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845
nathan@dhhlawfirm.com


By/s/Nathan A. Duncan_____
      Nathan A. Duncan
      Missouri Bar No. 60186
      Attorney for Plaintiff

DHH No. L24469-002

CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

David S. Baker
Fisher, Patterson, Sayler & Smith - KCMO 9229 Ward Parkway
Suite 370
Kansas City, MO 64114
816-523-4667
816-523-5667 (fax)
DBaker@FisherPatterson.com

Kenneth J. Berra
Fisher Patterson Sayler & Smith, LLP 9393 West 110th Street
Suite 300
Overland Park, KS 66210
(913) 339-6757
(913) 339-6187 (fax)
kberra@fisherpatterson.com

William D. Cross
Fisher, Patterson, Sayler & Smith - OPKS 51 Corporate Woods
9393 West 110th Street
Suite 300
Overland Park, KS 66210
913-339-6757
913-339-6187 (fax)  bcross@fisherpatterson.com