IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHASITY SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD WITTHUHN, Chief of the | ) | Case No. 3:17-CV-05256-BCW |
| Aurora Police Department, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT WITTHUHN

COMES NOW Defendant Witthuhn (hereinafter "Answering Defendant"), by and through his undersigned counsel of record, and for his Answer to Plaintiff's First Amended Complaint (hereinafter "Complaint"), states and alleges to the Court as follows.

1. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 1 of the Complaint and, therefore, denies same.

2. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 2 of the Complaint and, therefore, denies same.

3. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Answering Defendant admits he is the Chief of the Aurora Police Department, but denies the balance of the allegations, matters and averments made or contained in paragraph 5 of the Complaint.

6. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Answering Defendant admits the allegations made in paragraph 13 of the Complaint.

14. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 17 of the Complaint.

18. Answering Defendant denies the allegations made or contained in paragraph 18 of the Complaint.

19. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Answering Defendant denies the allegations made or contained in paragraph 20 of the Complaint.

21. Answering Defendant denies the allegations made or contained in paragraph 21 of the Complaint.

22. Answering Defendant denies the allegations made or contained in paragraph 22 of the Complaint.

23. Answering Defendant denies the allegations made or contained in paragraph 23 of the Complaint.

24. Answering Defendant denies the allegations made or contained in paragraph 24 of the Complaint.

25. Answering Defendant denies the allegations made or contained in paragraph 25 of the Complaint.

26. Answering Defendant denies the allegations made or contained in paragraph 26 of the Complaint.

27. Answering Defendant denies the allegations made or contained in paragraph 27 of the Complaint.

28. Answering Defendant denies the allegations made or contained in paragraph 28 of the Complaint.

29. Answering Defendant denies the allegations made or contained in paragraph 29 of the Complaint.

30. Answering Defendant denies each and every other allegation, matter and averment made or contained in paragraphs 1 through 29 of the Complaint not specifically and previously admitted herein.

## COUNT I

31. To the extent paragraph 30 of Count I of the Complaint incorporates by reference all preceding allegations of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

32. Answering Defendant denies the allegations made or contained in paragraph 31 of the Complaint.

33. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 32 of the Complaint and, therefore, denies same.

34. Answering Defendant denies the allegations made or contained in paragraph 33 of the Complaint.

35. Answering Defendant denies the allegations made or contained in paragraph 34 of the Complaint.

36. Answering Defendant denies the allegations made or contained in paragraph 35 of the Complaint.

37. Answering Defendant denies the allegations made or contained in paragraph 36 of the Complaint.

38. Answering Defendant denies the allegations made or contained in paragraph 37 of the Complaint.

39. Answering Defendant denies the allegations made or contained in paragraph 38 of the Complaint.

40. Answering Defendant denies the allegations made or contained in paragraph 39 of the Complaint.

41. Answering Defendant denies the allegations made or contained in paragraph 40 of the Complaint.

42. Answering Defendant denies the allegations made or contained in paragraph 41 of the Complaint.

43. Answering Defendant denies the allegations made or contained in paragraph 42 of the Complaint.

44. Answering Defendant denies the allegations made or contained in paragraph 43 of the Complaint.

45. Answering Defendant denies the allegations made or contained in paragraph 44 of the Complaint.

46. Answering Defendant denies the allegations made or contained in paragraph 45 of the Complaint.

47. Answering Defendant denies each and every other allegation, matter and averment made or contained in Count I of the Complaint not specifically and previously admitted herein.

48. Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count I of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT II

49. To the extent paragraph 46 of Count II of the Complaint incorporates by reference all preceding allegations of said Complaint, Answering Defendant incorporates herewith his responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

50. Answering Defendant denies the allegations made or contained in paragraph 47 of the Complaint.

51. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations made or contained in paragraph 48 of the Complaint and, therefore, denies same.

52. Answering Defendant denies the allegations made or contained in paragraph 49 of the Complaint.

53. Answering Defendant denies the allegations made or contained in paragraph 50 of the Complaint.

54. Answering Defendant denies the allegations made or contained in paragraph 51 of the Complaint.

55. Answering Defendant denies the allegations made or contained in paragraph 52 of the Complaint.

56. Answering Defendant denies the allegations made or contained in paragraph 53 of the Complaint.

57. Answering Defendant denies the allegations made or contained in paragraph 54 of the Complaint.

58. Answering Defendant denies the allegations made or contained in paragraph 55 of the Complaint.

59. Answering Defendant denies the allegations made or contained in paragraph 56 of the Complaint.

60. Answering Defendant denies the allegations made or contained in paragraph 57 of the Complaint.

61. Answering Defendant denies the allegations made or contained in paragraph 58 of the Complaint.

62. Answering Defendant denies the allegations made or contained in paragraph 59 of the Complaint.

63. Answering Defendant denies each and every other allegation, matter and averment made or contained in Count II of the Complaint not specifically and previously admitted herein.

64. Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count II of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

65. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendant and fails to state a claim upon which relief may be granted against him so that the same should be dismissed at Plaintiff's costs.

66. For other affirmative answer and defense, Answering Defendant alleges that any and all actions or acts committed by him or on his behalf were discretionary in nature and taken in

good faith, and that this Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

67. For other affirmative answer and defense, Answering Defendant alleges he acted with objective reasonableness under the circumstances then existing, and his conduct was justified and/or privileged.

68. For other affirmative answer and defense, Answering Defendant alleges that Plaintiff's damages, if any, were proximately caused by her own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendant, and whose fault should be compared.

69. For other affirmative answer and defense, Answering Defendant states that to the extent Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacks standing, fails to present a justiciable claim and/or has failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution.

70. For other affirmative answer and defense, Answering Defendant states that Plaintiff is not entitled to any punitive damage award against him for any one or more of the following reasons:

    (a) The standards by which Answering Defendant's conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

    (b) The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendant of the potential repercussions of his alleged conduct and are subject to the unbridled discretion of the fact

finder, thereby denying due process under the Fifth and Fourteenth Amendment of the United States Constitution;

(c) Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d) Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e) Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f) Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g) Plaintiff's request for punitive damages cannot protect Answering Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h) An award of punitive damages would violate Answering Defendant's due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i) To the extent Answering Defendant is being sued in his representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against him, and because punitive damages may not be awarded against a governmental entity in a claim

under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.;*

(j) To the extent Answering Defendant is being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

71. For other affirmative answer and defense, Answering Defendant states Plaintiff's claims are barred by the fact that she has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act including, but not limited to, 42 U.S.C. § 1997e(a).

72. For other affirmative answer and defense, Answering Defendant states that in the event Plaintiff is entitled to, or is awarded any damages, she is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997e(e).

73. For other affirmative answer and defense, Answering Defendant states Plaintiff's claims are barred in whole or in part by the applicable statute of limitations in that this lawsuit was not timely filed.

74. For other affirmative answer and defense, Answering Defendant states and alleges that any and all actions or acts committed by him or on his behalf were discretionary in nature, were objectively reasonable under the circumstances then existing, were not in violation of clearly established law and, therefore, Answering Defendant is protected from liability by the doctrine of qualified immunity.

75. To the extent, if any, the Complaint contains a claim arising under Missouri law, Answering Defendant states the conduct, decisions, actions and/or inaction attributed to him by Plaintiff in the Complaint involved discretionary activity and/or conduct and, accordingly,

Answering Defendant is shielded from liability by operation of Missouri's official immunity doctrine.

76. Answering Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to him.

WHEREFORE, based upon the above and foregoing, Answering Defendant respectfully prays to be henceforth dismissed, awarded his costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ David S. Baker
David S. Baker #30347
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-523-4667, Ext. 121; Fax: 816-523-5667
dbaker@fisherpatterson.com

and

Bill D. Cross #63768
Kenneth J. Berra #28620
51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, KS 66210
913-339-6757; Fax: 913-339-6187
bcross@fisherpatterson.com

*Attorneys for Defendant Witthuhn*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2018, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

Nathan Duncan
Douglas, Haun & Heidemann, P.C.
901 E. St. Louis Street, Suite 1
Springfield, MO 65806
(417) 887-4949/Fax: (417) 887-8618
*Attorneys for Plaintiff*

                                        /s/ David S. Baker
                                        DAVID S. BAKER